People of the State of New York, Respondent, *v.*
Beckie Kuperschmid and Israel Lippa, Etc.,
Appellants.

(Supreme Court, Appellate Term, First Department, January, 1919.)

Trial — meaning of setting case down for trial on a day certain —
Municipal Court of the city of New York — when order granting a
conditional adjournment unauthorized — when motion for continu-
ance granted.

Setting a case down for trial on a day certain means noth-
ing more than that the defendant must go to trial at that time,
provided no legal excuse to the contrary appears.

Where on the day that a case in the Municipal Court of the
city of New York had been peremptorily set for trial, defend-
ants presented an affidavit of the engagement of their counsel
in the trial of a case in the City Court of New York, an order
granting an adjournment upon condition that defendants waive
a jury trial previously granted is unauthorized and will be
reversed, the judgment entered thereon vacated and the motion
for a continuance granted.

APPEAL from an order of the Municipal Court of the city of New York, borough of Manhattan, first district, denying defendant's motion to open a default, and to vacate a judgment entered thereon.

Max Lippman, for appellants.

Merton E. Lewis, Attorney-General (Robert P. Beyer, deputy attorney-general, of counsel), for respondent.

DELEHANTY, J.   The action is to recover a penalty under the provisions of the Agricultural Law of this state for selling impure malted milk.   The record shows that there were more or less dilatory practices pursued by defendant to delay the trial of the action with the result that the court finally set May 14, 1918, peremptorily as against defendants as the date for trial.   On that day, the case being regularly called for trial, defendants presented an affidavit of engagement of counsel in the trial of a case in the City Court.   The trial justice then stated that if the case was to be further adjourned it would be in the interest of a speedy trial and that he would grant the application for an adjournment provided defendants would consent to waive the jury trial previously granted them, and have the case set for disposition on a day certain.   Defendants refusing to consent to the terms mentioned, the court directed an inquest which was thereupon taken. Application was subsequently made by defendants to open this default, and from the order denying same this appeal is taken.   We conclude that the learned court below exceeded its authority in the matter.   The case having been set down for trial peremptorily for the day mentioned meant nothing more than that the defendant would be obligated to go to trial at that time

provided no legal excuse to the contrary was presented. The affidavit of engagement of counsel in the City Court is a legal excuse recognized by the General Rules of Practice, and the learned court thereupon should have granted the continuance applied for.

Order reversed, with ten dollars costs to appellant, judgment vacated, and motion granted. Date of trial to be set in Municipal Court.

Guy and Bijur, JJ., concur.

Order reversed, with ten dollars costs to appellant.